## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 2:07-cr-117 |
| | : | |
| CHARLES E. LOUDON, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM and ORDER

Before the Court are Defendant Charles Loudon's Motions to Dismiss the Indictment and Suppress Items Seized (Docs. 67 & 68). The superseding indictment charges Loudon with three counts of bank fraud in violation of 18 U.S.C. § 1344(2) by: (1) fraudulently applying for a credit card from First Premier Bank; (2) knowingly depositing an invalid check into a TD Banknorth account; and (3) fraudulently attempting to reactivate a TD Banknorth account in the name of "Lannell Emmerson Enterprises, DBA Tradewinds Enterprises." Loudon moves to suppress evidence seized from him because the government did not comply with agency regulations governing mail covers and violated Federal Rule of Criminal Procedure 41 during the search of his home. As part of these motions, Loudon also moves *in limine* to exclude as evidence at trial information that he provided at a Rule 2004 deposition in connection with a bankruptcy proceeding. At the hearing on these motions, Loudon requested that the Court reserve ruling on

the motion *in limine* and, if necessary, review it if at trial Loudon chooses to testify on his own behalf. Accordingly, the Court will deny the motion without prejudice and it may be re-filed at trial.

**BACKGROUND**

In December 2002, Loudon pled guilty to one count of contempt in violation of 18 U.S.C. § 401; two counts of making materially false, fictitious, or fraudulent statements in violation of 18 U.S.C. § 1001(a)(2); and one count of wire fraud in violation of 18 U.S.C. § 1343. In February 2004, Loudon was sentenced to a term of imprisonment of 63 months on the first count along with 60 months on the remaining counts, to run concurrently. This term of imprisonment was to be followed by three years of supervised release, with conditions such as making restitution payments and no new credit charges or lines of credit without approval, among others.

Based on the belief that Loudon was continuing to engage in fraudulent activity, on March 23, 2007, Postal Inspectors requested a mail cover for Loudon's Hyde Park, Vermont post office box. The mail cover began on April 2, 2007, and was renewed on June 12, 2007, to run from June 22 to July 21, 2007. During the period of the mail cover, Hyde Park postal employees completed daily surveillance forms to record the sender's name, addressee, exterior markings, postmark and class of mail for

items received at Loudon's post office box.

In the course of investigating Loudon's activities, a team of agents executed a search of Loudon's home on September 24, 2007. Loudon was at home during the search, but was arrested and removed from his home before the inventory was completed. The imventory of items seized during the search notes that the inventory was made in the presence of "vacant - house" and that a copy of the warrant and receipt for items taken was left on the dining room table.

## DISCUSSION

Loudon contends that the government violated his constitutional rights by searching his mail without complying with Postal Service regulations for a mail cover. "[S]uppression is not an available remedy for violations of agency regulations that fail to raise constitutional questions." *United States v. Felipe,* 148 F.3d 101, 109 (2d Cir. 1998) (citing *United States v. Caceres,* 440 U.S. 741, 755-57 (1979)); *see also United States v. Hinton*, 222 F.3d 664, 674 (9th Cir. 2000) ("a violation of a regulation does not mandate suppression of the evidence."). Even if the government failed to comply with Postal Service regulations, as Loudon alleges, evidence obtained from the search of his mail in violation of those regulations cannot be suppressed.

As another basis for suppression, Loudon suggests that the

exclusionary rule of *Franks v. Delaware*, 438 U.S. 154 (1978) may apply when mail cover regulations have been violated. The *Franks* rule "is limited to intentional or material misstatements of fact made in an affidavit supporting an *ex parte* application for a search warrant." *United States v. DePoli*, 628 F.2d 779, 785 (2d Cir. 1980) (citing *Franks*, 438 U.S. at 171-72). Loudon admitted that he had no evidence of an intentional misrepresentation in the government's request for the mail cover, but argued that the mail cover request misstated Loudon's previous crimes, and that this misstatement amounts to a material misrepresentation under *Franks*. Loudon's position is that if the reason for seeking the mail cover was that Loudon was believed to be engaging in conduct similar to the conduct for which he was previously convicted, then a misstatement about his earlier convictions is material.

The request for mail cover appears to state that Loudon was previously convicted of mail fraud/I.D. theft and is still committing the same or similar offense. Loudon was previously convicted of contempt, making false statements and wire fraud, based on fraudulent conduct related to financial crimes, such as applying for credit cards using the name "Lannell Emmerson." The current superseding indictment alleges that Loudon engaged in bank fraud by applying for a credit card using the name "Lannell Emmerson" and opening a business checking account with the business name "Lannell R. Emmerson Enterprises DBA Tradewinds

4

Enterprises." While Loudon was not specifically convicted of mail fraud or I.D. theft, the crimes that Loudon previously committed and those with which he is currently charged involve very similar fraudulent conduct related to opening credit cards and banking accounts. Given this continuing, similar conduct, the inaccuracy in the mail cover request's description of Loudon's prior convictions is not a material misstatement that warrants suppression under *Franks*.

Since there is no basis for suppressing the mail cover due to a violation of agency regulations or *Franks*, "the relevant inquiry is whether a constitutional right, not an agency regulation, has been violated." *Hinton*, 222 F.3d at 675. "A defendant seeking to suppress the fruits of a search by reason of a violation of the Fourth Amendment must show that he had a 'legitimate expectation of privacy' in the place searched." *United States v. Hamilton*, 538 F.3d 162, 167 (2d Cir. 2008) (quoting *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)). "[T]here is no reasonable expectation of privacy with regard to the outside of a letter." *DePoli*, 628 F.2d at 786; *see also United States v. Huie*, 593 F.2d 14, 15 (5th Cir. 1979) ("There is no reasonable expectation of privacy in information placed on the exterior of mailed items and open to view and specifically intended to be viewed by others."); *Hinton*, 222 F.3d at 675 ("There is no expectation of privacy in the addresses on a

package, regardless of its class."). The evidence here shows that Loudon's mail was monitored by Hyde Park postal employees, who recorded the names and addresses of senders of mail to Loudon, along with exterior markings, postmarks and the mail class of items received at Loudon's post office box. Loudon's mail was not opened, and delivery of his mail was not delayed as a result of this monitoring. There is no evidence that Loudon's constitutional rights were violated as a result of the government's surveillance of his mail. Loudon's motion to suppress evidence obtained as a result of the mail cover is therefore denied.

Loudon further contends that the items seized in a search of his residence should be suppressed because the inventory was not properly prepared. An inventory of items seized in a search must be prepared "in the presence of another officer and the person from whom, or from whose premises, the property was taken. If either one is not present, the officer must prepare and verify the inventory in the presence of at least one other credible person." Fed. R. Crim. P. 41(f)(1)(B). "[V]iolations of Rule 41 alone should not lead to exclusion unless (1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule." *United States v. Burke*, 517 F.2d

377, 386-87 (2d Cir. 1975). There is no evidence that the government failed to comply with Rule 41 here. According to the government, the search of Loudon's home was conducted by a team of investigative officers and searchers and the inventory was completed before a "credible person," in compliance with Rule 41. Loudon offers no evidence to the contrary.

Moreover, even if the government had violated Rule 41, Loudon offers no facts to support suppressing the evidence seized from his home. Loudon says that the search of his home would have been less abrasive if Rule 41 had been followed and that the officers deliberately disregarded Rule 41 by arresting him at the time of the search, which made him absent during the creation of the inventory. Aside from these assertions, however, Loudon offers no evidence of how the government's conduct of the search prejudiced him or how the government deliberately disregarded the requirements of Rule 41. Loudon has not supplied evidence of prejudice or deliberate disregard that meets the standard for suppressing the fruits of a search conducted in violation of Rule 41. Thus, Loudon's motion to suppress evidence as a result of the search of his home is also denied.

## CONCLUSION

For the foregoing reasons, the Court **denies** Loudon's Motion to Dismiss the Indictment and Suppress Items Seized (Docs. 67 & 68). The Court **denies** without prejudice Loudon's motion *in*

7

*limine* to exclude at trial Loudon's Rule 2004 deposition testimony given in connection with a bankruptcy proceeding. The motion *in limine* may be re-filed at trial.

Dated at Burlington, Vermont this 9th day of January, 2009.

/s/ William K. Sessions III<br>
William K. Sessions III<br>
Chief Judge, U.S. District Court